**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
blukitsch@bakerlaw.com
Kamran B. Ahmadian (SBN 314566)
kahmadian@bakerlaw.com
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendant*
C.C. FILSON CO.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SONYA VALENZUELA, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

C.C. FILSON CO., a Delaware corporation d/b/a FILSON.COM; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:23-cv-03387

*[Los Angeles County Superior Court Case No. 23STCV06952]*

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

*[Filed concurrently with Civil Case Cover Sheet; and Notice of Interested Parties]*

Action Filed: March 29, 2023

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.C. FILSON CO. ("Filson"), hereby removes the action filed by Sonya Valenzuela ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Sonya Valenzuela v. C.C. Filson Co.*, Case No. 23STCV06952.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Central District of California embraces Los Angeles County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On March 29, 2023, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Sonya Valenzuela v. C.C. Filson Co.,* Case No. 23STCV06952 (the "State Court Action").

4. On April 3, 2023, Plaintiff served Filson with copies of the Summons, Complaint, and related State Court documents. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all additional process, pleadings, and orders served upon Filson are attached to this Notice of Removal as **Exhibit "A"**.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it was filed within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## CAFA JURISDICTION

6. Basis of Original Jurisdiction. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and (4), which provides that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. 28 U.S.C § 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), Filson may remove the State Court Action to federal court under CAFA because plaintiff alleges that: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this putative class action involves more than one hundred (100) putative class plaintiffs; and (iii) members of the putative class are citizens of a state different from Filson.

## DIVERSITY OF CITIZENSHIP

8. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff is a resident and citizen of California. (Compl. ¶ 4). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.[1]

9. Filson's Citizenship. A corporation is deemed to be a citizen of the state where it is organized and the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026,

[1] Although Plaintiff has also named fictitious defendants "DOES 1 through 10," 28 U.S.C. § 1441(b) provides that "under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded." *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

1028 (9th Cir. 2009). As alleged in the Complaint, Filson is a Delaware company organized under the laws of the State of Delaware. (Compl. ¶ 5). Filson's principal place of business is in Seattle, Washington. (*Id.*) Thus, for purposes of CAFA, Filson, as a corporation, is a citizen of Delaware and Washington.

10. Minimal Diversity. CAFA requires only minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of citizenship is established here, because Plaintiff (who is a member of the putative class) is a citizen of the State of California, and Filson is a citizen of Delaware and Washington. 28 U.S.C. § 1332(d)(2)(A).

11. Size of the Putative Class. Plaintiff seeks to represent a class of "[a]ll persons within the state of California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (Compl. ¶ 22). For purposes of this Removal, Filson has limited the putative class to the period of April 3, 2022 to April 3, 2023. Plaintiff alleges that the size of the putative class, although unclear at this time, is likely to number "in the thousands, if not more." (Compl., ¶ 23).

## AMOUNT IN CONTROVERSY UNDER CAFA

12. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in CAFA actions is $5,000,000 in the aggregate. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

13. Plaintiff's putative class action alleges that Filson violated the California Invasion of Privacy Act ("CIPA"), specifically California Penal Code § 631 and § 632.7. Plaintiff's prayer for relief seeks, among other things, injunctive relief, an award of statutory damages pursuant to CIPA, reasonable attorneys' fees

and costs, and all other relief the Court deems just and proper as a matter of law or equity. (*See* Compl., Prayer for Relief).

14. Filson denies Plaintiff's CIPA claims entirely. For purposes of removal, however, and without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

15. As stated above, Plaintiff alleges that the size of the putative class is likely to number "in the thousands, if not more." (Compl., ¶ 23). Plaintiff further alleges that each CIPA violation constitutes "numerous independent and discreet violations." While Plaintiff did not state a monetary figure for the statutory penalties, assuming arguendo that Plaintiff is correct regarding the statutory penalties and class size, the statutory penalties alone could exceed $5,000,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability" but the amount potentially "at stake.").

16. As described above, the class-wide amount in controversy, even exclusive of attorneys' fees, is conservatively estimated to be well in excess of $5,000,000.

**NOTICE TO PLAINTIFF AND STATE COURT**

17. As required by 28 U.S.C. § 1446(d), Filson is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: May 3, 2023

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ Bethany G. Lukitsch

Bethany G. Lukitsch, Esq.
Kamran B. Ahmadian, Esq.

*Attorneys for Defendant*
C.C. FILSON CO.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CERTIFICATE OF SERVICE

I, Roxana Guevara, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On May 3, 2023, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL**

☑ **By EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☐ **By US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Scott J. Ferrell (SBN 202091)
Victoria C. Knowles (SBN 277231)
**PACIFIC TRIAL ATTORNEYS**
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Telephone: 949.706.6464
Facsimile: 949.706.6469
Email: sferrell@pacifictrialattorneys.com
Email: vknowles@pacifictrialattorneys.com

*Attorneys for Plaintiff*
*SONIA VALENZUELA*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 3, 2023, at Los Angeles, California.

Roxana Guevara